The absence of any adequate consideration for the agreement alleged to have been made by the defendant is another fact in favor of the defense.

For the reasons above stated, the verdict should be set aside as against the weight of evidence, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

### STAIGER v. KLITZ et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. DISMISSAL AND NONSUIT (§ 58*) — OBJECTIONS TO PLEADINGS — FAILURE TO STATE CAUSE OF ACTION.

   A motion to dismiss because the complaint fails to state a cause of action, questions solely the language of the complaint, and is the same as a demurrer to the complaint upon the same ground, and in passing upon it all issuable facts alleged in the complaint and those fairly inferable from them must be considered to be true.

   [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 137; Dec. Dig. § 58.*]

2. PARTNERSHIP (§ 311*) — SETTLEMENT BETWEEN PARTNERS — RESCISSION — RESTORATION OF BENEFITS.

   Where a former partner seeks to rescind for fraud an agreement with his former copartners, wherein he released them from obligations growing out of the partnership, thereupon receiving two notes from them for the balance of his interest, he must return or offer to return the notes and any payments made thereon, or, if they have been paid, then the proceeds thereof with interest thereon, since he who seeks equity must do equity.

   [Ed. Note.—For other cases, see Partnership, Dec. Dig. § 311.*]

Appeal from Special Term, Kings County.

Action by Christopher Staiger against Robert H. Klitz and others. From a judgment of dismissal and an order denying a new trial, plaintiff appeals. Affirmed on the opinion of the Special Term.

The following is the opinion of Maddox, J., of the court below:

Plaintiff seeks, because of alleged fraud, the rescission of his release of the defendants from all copartnership obligations, that an account and an adjustment of the copartnership "dealings, transactions, and property" be had and stated, and that defendants pay to him his due as shown by such accounting, after crediting the defendants with the moneys heretofore paid by them to him on the dissolution of such copartnership. He asks not to rescind the copartnership dissolution, but that the release embraced in the agreement entered into upon the final adjustment of the copartnership affairs, bearing date January 31, 1906 (Schedule C, appended to the complaint), be annulled.

On the trial defendants moved to dismiss on the ground that the complaint failed to state facts sufficient to constitute a cause of action, in that plaintiff had failed to allege the return or an offer to restore to the defendants the consideration and moneys received by him on such dissolution and final adjustment of the copartnership accounts. The decision of that motion depended upon the language of the complaint only. It was the same as a demurrer to the complaint upon the same ground, and all issuable facts alleged in the complaint, and also such as are fairly inferable from those

---

so alleged, must be considered and assumed to be true. The motion was, after argument, granted, and, plaintiff having moved for a new trial, the question as to the sufficiency of the complaint in that regard has been again considered.

From the complaint and the schedules made a part thereof plaintiff had and has a clear right to retain, in any event of this action, perforce of the agreement of January 20, 1906 (Schedule B), the $20,000 paid "on account of his copartnership interest." The sum was fixed by the parties as part consideration for the dissolution, and it was the "balance of" his "interest" that remained to "be ascertained and determined as of January 31, 1906," for which he was to receive two notes, each for one-half of such balance, whatever that might be, assuming that there would be a balance remaining. It will be seen that there is no provision for the return of any part of the $20,000, if such accounting should show that he had received more than his interest in the firm; that sum was to be paid to him "on account of his copartnership interest" as consideration for the dissolution of the firm, and, if upon taking and stating the copartnership accounts "as of January 31, 1906," there remained a balance due him, then he was to be paid that balance by two notes each for one-half of such balance. Likewise as to the $10,000 paid to him for his "interest * * * in the good will of the said copartnership and for the continued use of his name" by the defendants as a part of their firm name in the continuance by them of the business of the former copartnership. Plaintiff also had and has a clear right to retain that sum, viz., $10,000, for, by mutual agreement, whatever might have then been the value of the "good will" of the former firm, plaintiff was to be paid, and has since been paid that sum for his interest in such "good will," and also for the continued use of his name as a part of the defendants' firm name. Whether any value for that "good will" was considered and included in the final adjustment of January 31, 1906, does not appear, and is of no moment here, save by way of passing comment. It had been disposed of, so far as plaintiff was and is concerned, by the agreement of January 20, 1906 (Schedule B), since for his interest in such "good will," together with the right to the defendants to "the continued use of his name," he has been paid the $10,000; hence, if embraced in and forming part of the partnership accounting and ascertainment of January 31, 1906, it was erroneously included.

But as to the balance of plaintiff's interest as "ascertained and determined, as of said January 31, 1906," and for which he has received the two notes aggregating $12,061.21, the situation is different. Upon receiving such notes, he joined in the execution of the agreement of that date, and therein and thereby released the defendants from "any and all obligations growing out of said partnership." It is that release which plaintiff seeks to be relieved from, and thereupon to have an accounting by the former partners of the former partnership affairs and assets, claiming that the "ascertainment and determination" of such matters as shown in said agreement (Schedule C) were false and fraudulent, and that he was induced to accept the same by reason of representations and statements which were false and fraudulent, and which were known to the defendants so to be. The agreement of January 31, 1906, was one of adjustment of the same matters which plaintiff seeks an accounting upon here, if he be successful in rescinding the release in question and in establishing the fraud alleged, and hence the defendants should be placed in as good a situation as they had at the time the agreement was entered into. Another accounting may show that plaintiff was not entitled to the balance of $12,061.21 which he received on the settlement of January 31, 1906, and he who seeks equity must do equity. Consequently, if plaintiff desired to be relieved from the effect and operation of that agreement (Schedule C), would again have "the balance of" his "interest * * * ascertained and determined as of January 31, 1906," he should have returned or offered to return to the defendants the two notes so received by him and any payments made thereon, or, if such notes were paid, then the money received in satisfaction of said notes and the interest thereon.

The conclusion now reached is the same as that announced on the trial, and the motion for a new trial is denied.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Henry Schoenherr, for appellant.
John W. Boothby, for respondents.

PER CURIAM. Judgment and order affirmed, with costs, on the opinion of Mr. Justice Maddox at Special Term.

---

LORD v. RUMRILL et al.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

BILLS AND NOTES (§ 508*)—ACTION BY TRANSFEREE—EVIDENCE OF TRANSFER.
  Defendant under his defense in an action on notes, that they were not transferred to plaintiff, as bearing on the credibility of the testimony of plaintiff, who alone testified to a transfer, that they were given him by his father, the payee, shortly before his death, may show strained relations between plaintiff and the father for a long time before his death, though defendant's right to show payment to the father is not disputed; the right of action not being in plaintiff in the absence of the transfer.
  [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 508.*]

Appeal from Trial Term, Fulton County.
Action by Wesley Lord against Theron E. Rumrill and another. From a judgment for plaintiff, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

The action is upon two promissory notes, each of them dated December 3, 1901. The complaint alleges that these notes were transferred to the plaintiff shortly before the death of Jacob Lord. There were two notes, one for $75 and the other for $242. The answer denies the transfer to the plaintiff of the $242 note, and alleges payment of both notes by services rendered to Jacob Lord, the payee of the notes, in a sickness which occurred at the defendant's house. At the close of the evidence, the court directed a verdict for the plaintiff. To this direction the defendant duly excepted, and from the judgment entered upon this directed verdict, and from an order denying the motion for a new trial upon the minutes, this appeal is taken.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

W. S. Cassedy, for appellant.
N. H. Anibal, for respondents.

SMITH, P. J. There were two issues raised by the pleadings: First, whether Jacob Lord had transferred the notes in question to the plaintiff, so as to authorize an action to be brought by the plaintiff; second, whether those notes have been paid. The plaintiff swore that the notes were transferred to him by his father, Jacob Lord, a few weeks before his father's death. The defendant attempted to cross-examine the plaintiff upon this and upon his relations with his father prior to his father's death as bearing upon the fact of the transfer. Among other things he was asked what he paid for the notes. This was objected to, and the court remarked:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes